1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JEFF HEALY,                                    No.  2:19-CV-2052-WBS-DMC-P

12                    Plaintiff,

13            v.                                      ORDER

14    SHAGUFTA YASMEEN, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983. Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 27.

19            The United States Supreme Court has ruled that district courts lack authority to

20    require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist.

21    Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the

22    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935

23    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

25    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

26    complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is

27    dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

28    United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its

1    discretion with respect to appointment of counsel because:

2            Terrell demonstrated sufficient writing ability and legal knowledge to
3            articulate his claim. The facts he alleged and the issues he raised were not of
             substantial complexity. The compelling evidence against Terrell made it
4            extremely unlikely that he would succeed on the merits.

5    Id. at 1017.

6            Plaintiff moves for appointment of counsel because he has limited knowledge of

7    the law, limited education, and has no access to a prison law library due to COVID-19-related

8    lockdowns. ECF No. 27 at 1–2. 4. He also contends that his case alleging deliberate indifference

9    to his medical needs, for which he has requested a jury, is complex and will require investigation

10   and preparation that he cannot undertake in prison, because expert witnesses will be necessary,

11   and because the prison law library only offers computers and not books (and that he has limited

12   computer literacy). Id. 1–2. Plaintiff also indicates that the Court should appoint counsel because

13   he cannot afford an attorney, because Defendants will not admit to any misconduct, and because

14   the Court has established the merits of his claims in ordering service of his complaint. See id.

15   Finally, Plaintiff asserts that he is physically disabled and cannot utilize the law library and other

16   resources to prepare for court. Id. at 1–2, 4

17           The Court recognizes the unique difficulties of litigating from prison, especially

18   considering COVID-19 lockdowns and Plaintiff's apparent disabilities. There is no doubt that

19   limitations on prisoners' ability to investigate their case and prepare witnesses hinder seamless

20   trial practice. The Court, however, does not find *exceptional* circumstances warranting a request

21   by the Court for assistance of counsel. Plaintiff's inability to investigate his case as easily as he

22   would like because he is in prison is a circumstance attendant to his own incarceration and that of

23   numerous other similarly situated prisoners.

24           Plaintiff, moreover, has filed submissions with the Court that efficiently state his

25   requested relief. His request for appointment of counsel includes citation to authority. Id. at 4.

26   Review of the docket indicates that Plaintiff has been able to articulate his claims on his own.

27   Moreover, Plaintiff alleges straightforward Eighth Amendment claims in his complaint. See ECF

28   No. 1. The factual and legal issues involved in this case are not unusually complex.

1    Furthermore, although the Court ordered service of several of Plaintiff's Eighth

2  Amendment claims (ECF No. 15), discovery has not concluded. Defendants' answer only denies

3  or admits Plaintiff's various allegations. ECF No. 23. The Court cannot say that Plaintiff has

4  established a particular likelihood of success on the merits at the present stage of this case. For

5  the purposes of this case, the Court concludes that its conclusion that some of Plaintiff's claims

6  were appropriate for service does not establish a sufficient likelihood of success warranting

7  appointment of counsel.

8    Plaintiff's motion for appointment of counsel (ECF No. 27) is **DENIED**.

9    IT IS SO ORDERED.

10

11  Dated:  February 17, 2021

12  _____
    DENNIS M. COTA
13  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3