**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFF HEALY, | No. 2:19-CV-2052-WBS-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SHAGUFTA YASMEEN, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second motion, ECF No. 37, for the appointment of counsel.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff argues appointment of counsel is warranted because: (1) he cannot afford to retain counsel; (2) the issues involved in the case are complex; (3) the Court has already determined Plaintiff's case has merit if the allegations are proven; (4) Plaintiff has no law library access due to COVID-19 restrictions; (5) Plaintiff is unable to present his case "due to wheelchair confinement, vision disabilities, and polyneuropathy"; (6) Plaintiff has limited knowledge of the law; (7) Defendants are resisting his discovery requests; and (8) Plaintiff has been transferred among three separate facilities in the past two months and is currently separated from his legal materials.  See ECF No. 37.

These circumstances are not uncommon among prisoners and are not the types of exceptional circumstances necessary for the appointment of counsel.  As to Plaintiff's physical limitations, Plaintiff has not presented any evidence that these limitations impede his ability to litigate this case.  To the contrary, a review of Plaintiff's filings to date suggests that he is able to do so.  As to the merits, while the Court has concluded that Plaintiff could prevail if the allegations are proved, Plaintiff has not at this stage of the litigation demonstrated that he is likely to prevail.  The Court's prior finding assumed the allegations in the complaint are true and, based on this assumption, that the action was appropriate for service.  This finding expressed no opinion at the pleading stage as to the likelihood of any particular result.  Next, the legal and factual issues in this case do not appear so complex as to justify the appointment of counsel.  Finally, to the extent Plaintiff is experiencing difficulties due to COVID-19 restrictions or having been transferred to various facilities, the Court will entertain motions for additional time to comply with deadlines in the case, for good cause shown.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 37, is denied.

Dated: September 28, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE