1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFF HEALY,                                    No.  2:19-CV-2052-WBS-DMC-P

12              Plaintiff,

13        v.                                         ORDER

14   SHAGUFTA YASMEEN, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 41, to compel further

19   discovery responses.

20              The purpose of discovery is to "remove surprise from trial preparation so the

21   parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

22   Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

23   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

24   permitted:

25              Parties may obtain discovery regarding any nonprivileged information that
                is relevant to any party's claim or defense and proportional to the needs of
26              the case, considering the importance of the issues at stake in the action, the
                amount in controversy, the parties' relative access to relevant information,
27              the parties' resources, the importance of the discovery in resolving the
                issues, and whether the burden or expense of the proposed discovery
28              outweighs its likely benefit. Information within this scope of discovery

                                                     1

1    need not be admissible in evidence to be discoverable.

2         Fed. R. Civ. P. 26(b)(1).

3         Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

4    may move for an order compelling an answer, designation, production, or inspection." Fed. R.

5    Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

6    incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

7    discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

8    Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

9    Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

10        The party moving to compel bears the burden of informing the court (1) which

11   discovery requests are the subject of the motion to compel, (2) which of the responses are

12   disputed, (3) why the party believes the response is deficient, (4) why any objections are not

13   justified, and (5) why the information sought through discovery is relevant to the prosecution of

14   this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

15   WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC,

16   2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

17        "Relevance for purposes of discovery is defined very broadly." Garneau v. City of

18   Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

19   of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

20   the party opposing discovery has the burden of showing that the discovery should be prohibited,

21   and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No.

22   07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

23   2009) (internal citation omitted).

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2

1   **I.  SUMMARY OF DISCOVERY IN DISPUTE**

2   Plaintiff has served the following five requests for production of documents, all of

3   which are in dispute and are attached to Plaintiff's motion:

4   Request for Production of Documents, Set One, served February 15, 2021.

5   Request for Production of Documents, Set Two, served February 15, 2021.

6   Request for Production of Documents, Set Three, served February 18, 2021.

7   Request for Production of Documents, Set Four, served March 29, 2021.

8   Request for Production of Documents, Set Five, served April 5, 2021.

9   See ECF No. 41, pgs. 6-17 (Exhibits 1 through 4).

10  Plaintiff attaches to his motion Defendants' responses to these requests.  See id. at 34-89

11  (Exhibits 8 through 12).

12  Plaintiff has also served the following three requests for admissions, all of which

13  are in dispute and also attached to Plaintiff's motion:

14  Request for Admissions to Defendant Yasmeen, served February 25, 2021.

15  Request for Admissions to Defendant Naseer, served March 4, 2021.

16  Request for Admissions to Defendant Williams, served March 18, 2021.

17  See id. at 18-33 (Exhibits 5 through 7).

18  Plaintiff contends that Defendants have not served him with responses to any of these requests for

19  admissions.  See id. at 2 (Plaintiff's Declaration).

20

21  **II.  DISCUSSION**

22  A.      **Requests for Production of Documents**

23  1.      Set One

24  In request for production, set one, request no. 1, Plaintiff seeks "wound care

25  photographs" of Plaintiff's legs from January 1, 2015, to the present.  See ECF No. 41, pg. 7.  In

26  all remaining requests in set one (nos. 2 through 12), Plaintiff seeks facility security camera

27  footage between January 1, 2015, and February 1, 2017.  See id. at 7-8.

28  / / /

3

1

                    a.     <u>No. 1</u>

2            In response, Defendants objected and substantively stated that "they are unaware

3  of any photographs of plaintiff's legs taken in the course of his medical treatment." <u>Id.</u> at 36.

4  Given that Defendants have substantively responded, Plaintiff's motion to compel will be denied

5  as to this request.

6

                    b.     <u>Nos. 2 through 12</u>

7            As with no. 1, Defendants provided a substantive response to requests for

8  production nos. 2 through 12.  <u>See id.</u> at 36-42.  Specifically, Defendants responded that the

9  facility security cameras are continuously operated and footage is recorded over after 30 days.

10  <u>See e.g. id.</u> at 36.  Defendants stated that, for this reason, there is no responsive footage available.

11  <u>See id.</u>  Given that Defendants have substantively responded, Plaintiff's motion to compel will be

12  denied as to all request nos. 2 through 12.

13            2.     <u>Set Two</u>

14            In his request for production, set two, Plaintiff seeks:

15

16

17

18
     No. 1   Any and all grievances, complaints, or other documents received by the defendants or agents at California Health Care Facility (CHCF) concerning inmates inadequacy of medical treatment and/or the falsification of documents by defendants Yasmeen, Naseer, and Williams, and any memoranda, investigative files, other documents created in response to such documents, since the defendants hiring at CHCF.

19

20

21

22
     No. 2   Any and all lawsuits brought against the defendants at CHCF concerning inmates inadequacy of medical treatment and/or the falsification of documents by defendants Yasmeen, Naseer, or Williams, and any memoranda, investigative files, or other documents created in response to such lawsuits, since the defendants hiring at CHCF.

23

24
     No. 3   Any logs, lists, or other documentation reflecting medical, and document falsification, grievances filed by inmates at CHCF from January 1, 2015, to the date of your response.

25            ECF No. 41, pgs. 9-10.

26  / / /

27  / / /

28  / / /

1                          a.        Nos. 1 and 3

2                  In response, Defendants objected that these requests are vague and overbroad.  See

3      id. at 46, 49.  Defendants also objected that the material sought is not within the scope of

4      discovery allowed under Rule 26.  See id.  Defendants further objected that the requests are

5      burdensome.  See id.  Finally, Defendants objected that the material sought is confidential under

6      California regulations to the extent Plaintiff seeks information concerning other inmates.  See id.

7      Defendants did not provide any substantive response to request no. 1.  Notwithstanding

8      Defendants' objections, Defendants responded to request no. 3 by stating that there are no

9      responsive documents because inmate grievances are not maintained by category of issue raised

10     by the inmate.

11                 Plaintiff's motion to compel will be denied as to no. 3 because Defendant

12     substantively responded by indicating the requested documents do not exist.  Plaintiff's motion

13     will also be denied as to no. 1 because the information sought is confidential under California

14     regulations.  See Title 15, California Code of Regulations, §§ 3084.9, 3321, and 3370.

15                         b.        No. 2

16                 In response to request no. 2, Defendants objected that the request is vague, seeks

17     information protected by the attorney-client privilege and/or attorney work product privilege, and

18     it is beyond the scope of discovery allowed under Rule 26.  See id. at 47.  Notwithstanding these

19     objections, Defendants substantively responded and provided a list of lawsuits filed against each

20     of them, with the case numbers for each identified.  See id. at 47-48.  To the extent Plaintiff seeks

21     identification of lawsuits filed against Defendants, Plaintiff's motion will be denied because

22     Defendants provided a substantive response.  To the extent Plaintiff seeks copies of court

23     documents in the identified matters, Plaintiff's motion will be denied because the information is a

24     matter of public record available to Plaintiff.  Finally, to the extent Plaintiff seeks "any

25     memoranda, investigative files, or other documents created in response to such lawsuits," the

26     Court sustains Defendants' objections that the information sought is privileged and the scope of

27     the request is overbroad, burdensome and beyond the scope of Rule 26.

28     / / /

1            3     Set Three

2            Plaintiff's request for production, set three, consists of 15 separate requests.  See

3 ECF No. 41, pgs. 11-12.  In nos. 1 through 14, Plaintiff seeks information relating to the formal

4 medical education, training, and specializations for each of the three defendants.  See id.  In

5 number 15, Plaintiff seeks "Any and all records generated and/or utilized by, and for, the

6 California Department of Corrections, including, but not limited to, internal communications, cost

7 determinations regarding treatments, and policies, concerning items 2-14."  Id. at 12.

8            a.     Nos. 1 through 14

9            In response, Defendants objected and, notwithstanding objections, produced

10 responsive documents consisting of Defendants resumes and/or curriculum vitae.  See id. at 52-

11 74.  Given that Defendants produced responsive documents, Plaintiff's motion to compel will be

12 denied as to nos. 1 through 14, without prejudice to a further motion should Plaintiff determine

13 that other responsive documents are available and subject to production. Defendants are also

14 advised that any responsive document that was not timely identified and disclosed will be subject

15 to an exclusion order at the time of trial.

16            b.     No. 15

17            In response, Defendants objected that the request is "uncertain, unintelligible, and

18 overbroad."  Id. at 58-59.  Defendants also objected that the request is beyond the scope of

19 allowed discovery under Rule 26.  See id.  Plaintiff does not make any argument specific to

20 Defendants' response to no. 15.  Plaintiff has thus failed to meet his burden on a motion to

21 compel further responses.  Moreover, the Court finds Defendants' objections well-taken in that

22 request no. 15 is indeed overbroad and vague, particularly as to what Plaintiff means by

23 "records. . .utilized . . . for. . .cost determinations. . . ."  Plaintiff's motion to compel will be

24 denied as to no. 15.

25            4.     Set Four

26            In request for production, set four, Plaintiff makes four requests seeking

27 documents which are part of Plaintiff's inmate medical file.  See ECF No. 41, pg. 14.  In

28 opposition, Defendants note that Plaintiff testified at his deposition that he has numerous times

while a prisoner requested his medical file and has received ten folders of documents which include documents related to the claims raised in this case.  See ECF No. 42, pg. 7; see also ECF No. 42-1, pgs. 79-83 (Exhibit D to Mathison Declaration).  Because the requested documents are equally available to Plaintiff, the motion to compel will be denied as to request for production, set four.

                5.    Set Five

In request for production, set five, Plaintiff seeks:

No. 1   Any and all medical reports of injury or unusual occurrences, Form CDCR 7219, or any other records of the plaintiff falling between 1/01/15 and 4/12/18.

No. 2   Any and all wound care photographs of the plaintiff's leg wounds from 5/26/16 to 3/20/17, and from 2/18/19 and 3/12/21.

No. 3   Any and all physical therapy reports of the plaintiff's PT sessions from 6/01/20 to 3/12/21.

No. 4   Any and all CMF-Vacaville emergency room reports involving the plaintiff during May 2001.

No. 5   Any and all MAR reports of the plaintiff's ordered medications from 1/01/2011 to 11/01/2013.

No. 6   Any and all refusals by the plaintiff for transportation to offsite medical appointments from 4/11/16 to 3/12/21.

No. 7   Any and all records of the type and maximum output of the oxygen concentrators supplied in CDCF ADA vans.

No. 8   Any and all case citations of rulings by state, district, or Ninth Circuit courts relating to Gadolinium.

See ECF No. 41, pg. 16.

In opposition to Plaintiff's motion, Defendants note that nos. 1, 3, 4, 5, and 6 seek documents from Plaintiff's prison medical file which are equally available to Plaintiff.  As such, Plaintiff's motion will be denied as to these document requests.

As to no. 2, Defendants correctly note that this request is duplicative of Plaintiff's request for production, set one, no. 1, as to which Defendants responded that no such photographs exist.  For the reasons discussed above, Plaintiff's motion will be denied as to no. 2.

In response to request no. 7, Defendants objected that the request is vague and

7

overbroad.  See id. at 87.  Notwithstanding this objection, Defendants substantively responded by

stating that responsive documents do not exist.  See id.  Defendants nonetheless further responded

by listing the oxygen output for concentrators used in CHCF transport vans, as per the CHCF

Respiratory Care Supervisor.  See id.  Because Defendants substantively responded to this

request, Plaintiff's motion will be denied as to no 7.

        Finally, Defendants state that no. 8 improperly asks Defendants to conduct

Plaintiff's legal research.  The Court agrees.  Moreover, any responsive documents are equally

available to Plaintiff.  Plaintiff's motion will be denied as to no. 8.

        **B.**    **Requests for Admissions**

        Plaintiff argues his motion should be granted as to requests for admissions because

Defendants completely failed to respond.  See ECF No. 41, pg. 2.  In opposition, Defendants have

attached their responses to all of Plaintiff's requests for admissions, which were served on

Plaintiff on May 21, 2021, at his address of record at the time.  See ECF No. 42-1, pgs. 4-66

(Exhibit A to Mathison Declaration).  Plaintiff's motion to compel will accordingly be denied as

to the subject requests for admissions, without prejudice to a renewed motion should Plaintiff

have grounds to claim that the responses at issue were inadequate or incomplete.

## III.  CONCLUSION

        Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel, ECF

No. 41, is denied.

Dated:  September 29, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE