IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HEALY, | No. 2:19-CV-2052-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SHAGUFTA YASMEEN, et al., | |
| Defendants. | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for counsel, ECF No. 68.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because: (1) he cannot afford to retain counsel; (2) the issues involved in the case are complex; (3) the Court has already determined Plaintiff's case has merit if the allegations are proven; (4) Plaintiff has no law library access due to his physical disabilities; (5) Plaintiff has limited knowledge of the law; (7) Plaintiff demanded a jury trial. See ECF No. 68.

Most of these circumstances are generally common among prisoners and are not the types of exceptional circumstances necessary for the appointment of counsel. As to the merits, while the Court has concluded that Plaintiff could prevail if the allegations are proved, Plaintiff has not at this stage of the litigation demonstrated that he is likely to prevail. The Court's prior finding assumed the allegations in the complaint are true and, based on this assumption, that the action was appropriate for service. This finding expressed no opinion at the pleading stage as to the likelihood of any particular result. Next, the legal and factual issues in this case do not appear so complex as to justify the appointment of counsel.

As to Plaintiff's physical limitations, Plaintiff asserts that he "has no library access due to his infirmities causing him to be bedbound, he is legally blind and consequently computer illiterate; the law library has no law books, only computers." ECF No. 68, pg. 2 (emphasis in original). This circumstance could satisfy the requisite finding of exceptional circumstances. However, Plaintiff did not include any evidence to show he is legally blind, this condition prevents Plaintiff from using the computer in the law library, and the law library only provides access via a computer. Therefore, the Court will deny without prejudice and provide Plaintiff with the opportunity to renew his motion for counsel with evidence as to Plaintiff's being legally blind, that prevents him from being able to use a computer, and the law library is only accessed via a computer. Additionally, Plaintiff should describe what, if any, accommodations he is receiving for his condition. Plaintiff may renew his motion for counsel with such evidence and information.

        The Court will sua sponte grant Plaintiff an extension of time to file his status report consistent with the Court's September 23, 2024, order.

        Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel, ECF No. 68, is denied without prejudice.

2. Plaintiff's status report is due within 30 days of the date of this order.

3. The Clerk of the Court is directed to re-serve the Court's order at ECF No. 62 on Plaintiff with a copy of this order.

Dated: December 4, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE